IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DIANE BATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-154-MHT-CWB |
| ) | |
| THOMAS LEE MACON, IV, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This civil action arises out of Diane Bates's former employment. (*See* Doc. 1). Named as defendants are Thomas Lee Macon, IV as the Elmore County Revenue Commissioner, Dennis Hill as a member of the Elmore County Commission, the Equal Employment Opportunity Commission, and Attorney General Steve Marshall. (*See id*.; *see also* Doc. 10). The various defendants each have filed motions seeking dismissal. (*See* Docs. 20, 30, 40, & 41). For the reasons set out below, the Magistrate Judge recommends that this action be dismissed with prejudice.

**I.      Background**

Bates filed her original Complaint on March 7, 2024. (*See* Doc. 1). According to the allegations, Bates served over thirty-one years as an employee of the Elmore County Revenue Commissioner's Office where she was under the supervision of Defendant Macon. (*Id*. at p. 4, ¶¶ 12-13). Bates further asserted in the Complaint that Defendant Macon brought accusations against her for violating the "department code of conduct" by engaging in "Insubordination," "Harassment," and "Abuse of Conduct" (*id*. at ¶¶ 16-17), and that she was terminated from her employment on August 22, 2023 (*id*. at ¶ 12).

1

It was expressly contemplated in the Complaint that Bates would submit a more detailed amendment in short order. (*See id*. at p. 1, ¶ 2). Bates later did so with a sixty-three page First Amended Complaint that included almost four hundred pages of exhibits. (*See* Doc. 10). The court in turn directed Bates to provide a more definite statement of her claims—explaining in detail how the First Amended Complaint constituted an impermissible "shotgun pleading." (*See* Doc. 24). Among the instructions given by court were the following:

   a. the Second Amended Complaint must include a short and plain statement of Plaintiff's claims and clearly identify all federal or state causes of action that Plaintiff is attempting to assert;

   \*\*\*

   c. the Second Amended Complaint must contain specific factual allegations about each defendant's conduct (*i.e.*, what actions each defendant took that constitute the claims being alleged by Plaintiff), clearly indicating which specific factual allegations provide support for which claims against which of the defendants and noting the relevant dates of all such actions;

   d. the Second Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and each claim founded upon a separate transaction or occurrence must be stated in a separate count (specifically identifying the defendant(s) against which the count is aimed and containing the factual allegations relevant to that count); [and]

   e. the Second Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claims for relief[.]

(*Id*. at pp. 4-5). The court additionally cautioned Bates that "her failure to file a Second Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed." (*Id*. at p. 6) (emphasis removed).

Despite the court's admonition, Bates did not file a Second Amended Complaint as directed but instead filed a forty-one-page submission as to why a more definite statement was unwarranted. (*See* Doc. 27). Despite its length, the filing made no factual averments as to any of the named

defendants or undertook to clarify Bates's legal claims. (*Id.*). Because Bates failed to comply with the prior Order, and because of the shotgun pleading nature of the First Amended Complaint, a hearing was scheduled for February 11, 2025 to discuss the matter with all parties. (Doc 45). Bates objected and filed a motion to continue (Doc. 46), which was denied (Doc. 47). Although Bates appeared at the hearing, she refused to participate in a meaningful manner and presented the court with a twenty-one-page filing (Doc. 21) that still provided no insight on any of her claims against any of the defendants. And when the court repeatedly asked Bates to state in her own words the reasons she had filed suit against each of the named defendants, Bates either could not or would not do so. Nor did Bates otherwise indicate that her legal or factual allegations could be or would be clarified if afforded further opportunity.

## II.    Discussion

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). Here, the court finds that Bates's failure to replead or otherwise provide information about her claims constitutes a clear record of delay and/or willful contempt; and the court further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Bates has continued to file voluminous non-responsive submissions, has sought to delay resolution, and has refused to provide clarifying information despite being warned about the potential for dismissal. *See*

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

Dismissal also would be proper for the reasons discussed in the court's Order to replead. (*See* Doc. 24). In short, the First Amended Complaint is a classic "shotgun pleading" as defined by the Eleventh Circuit. *See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). Although Bates purports therein to state some thirty-four counts against the defendants, many such "claims" consist of nothing more than a title. (*See id*. at p. 58, ¶¶ 278-283). And the "claims" fail to include any factual allegations relevant to liability or to distinguish among the defendants. (*See id*. at pp. 57-62). *See Weiland*, 792 F.3d at 1321-23; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) ("Many of the factual allegations appear to relate to only one or two counts, or to none of the counts at all. Thus, a reader of the complaint must speculate as to which factual allegations pertain to which count."); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The result is that … any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."); *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) ("[T]o force the parties and the court to sift through [voluminous attachments] would frustrate the purpose of Rule 8(a)(2)."). "Shotgun pleadings 'are flatly forbidden by the spirit, if not the letter,' of [the procedural] rules," which are designed to enable courts to determine "which facts support which claims" and "whether the plaintiff has stated any claims upon which relief can be granted." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1320).

Although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed, *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), a court does not have "license ... to rewrite an otherwise deficient [*pro se*]

4

pleading in order to sustain an action," *GJR Invs. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). No matter how liberally it might be construed here, the First Amended Complaint remains a "shogun pleading" and is grossly insufficient to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that the purpose of the federal pleading standard is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks and citation omitted). Moreover, it is well recognized that a *pro se* litigant "is subject to the relevant law and rules of court," *Moon*, 863 F.2d at 837, such that a *pro se* litigant must comply with the Rule 8 requirement to set out "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2).

"When faced with a shotgun pleading, a district court must order a litigant to replead and to make a more definite statement of the claim. … When the amended complaint still fails to cure the deficiency, the complaint may be subject to dismissal." *Boatman v. Sawyer*, No. 20-12189, 2021 WL 4702578, at *2 (11th Cir. Oct. 7, 2021) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011)). That is precisely the scenario before the court. Bates was directed to file a curative amendment (*see* Doc. 24), and she failed. Bates then was asked by the court simply to explain the basis for her claims, and again she failed. On that record, the court will not subject the defendants to sifting through dozens of pages and hundreds of paragraphs in an effort to determine what purported "claims" are being asserted against them and what factual allegations provide the basis for such "claims." *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332-33 (11th Cir. 1998) (instructing lower courts "to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined").

### III.     Conclusion

For the reasons stated above, and for those reasons expressed on the record at the February 11, 2025 hearing, the Magistrate Judge hereby **RECOMMENDS** as follows:

- that the motion to dismiss filed by Thomas Lee Macon, IV and Dennis Hill (Doc. 30) be granted such that Defendant Macon and Defendant Hill are dismissed with prejudice;[1]

- that the motion to dismiss filed by Attorney General Steve Marshall (Doc. 20) be granted such that Defendant Marshall is dismissed with prejudice;[2] and

- that the motion to dismiss filed by the Equal Employment Opportunity Commission (Doc. 41) be granted such that the Equal Employment Opportunity Commission is dismissed with prejudice.[3]

---

[1]  *See Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358-59 (11th Cir. 2018) ("Here, after being put on notice by Defendants of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments by naming which counts pertained to each Defendant. The District Court should have dismissed the amended complaint with prejudice because, as we have concluded, the amended complaint was incomprehensible.").

[2] Bates makes it clear that she "asserts no damages" against Defendant Marshall but instead merely asserts that he "is required by law to defend matters of where the State of Alabama is a party." (*See* Doc. 10 at p. 5, ¶ 20).  At this point, however, counsel has appeared on behalf of all defendants. (*See* Docs. 20, 23, & 28).  Because Bates failed to allege that she personally is owed any obligation by Defendant Marshall, failed to allege any wrongdoing against Defendant Marshall, failed to allege that Defendant Marshall could be held liable in connection with her employment, and failed to allege how her underlying grievance could be remedied by a favorable decision against Defendant Marshall, inclusion of Defendant Marshall as a defendant additionally is improper on grounds of standing and/or for failure to state a claim upon which relief may be granted.

[3]  It appears that Bates generally is dissatisfied with the manner in which the EEOC handled her charge of discrimination.  (*See* Doc. 10 at pp. 29-34, ¶¶ 136-164).  It is abundantly clear, however, that the law does not permit any such claim under any legal theory.  *See D'Alessandro v. E.E.O.C.*, 215 F. Supp. 2d 419, 421-22 (D. Del. 2002) (dismissing negligence claim against the EEOC on sovereign immunity grounds); *Hill v. Brownlee*, 180 F. App'x 891 (11th Cir. 2006) ("Title VII confers no right of action against the "[EEOC].") (citing *Gibson v. Missouri Pac. R.R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978)); *Williams v. U.S. Equal Emp't Opportunity Comm'n*, No. 23-CV-13000, 2024 WL 1771287, at *2 (D. Mass. Apr. 23, 2024) ("Similarly, 42 U.S.C. § 1983 does not provide a private right of action against the E.E.O.C."); *Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D. D.C. July 21, 2004) ("[T]he court correctly concluded that appellant's due process challenge to the EEOC's procedures was barred by … sovereign immunity.").

It is **ORDERED** that all objections to this Recommendation must be filed no later than **February 27, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 13th day of February 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**